IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Sabater,                              :
                    Petitioner              :
                                            :
          v.                                :
                                            :
Pennsylvania Insurance Department           :
and Michael F. Consedine, individually,     :
and in his official capacity as             :
Insurance Commissioner,                     :    No. 637 M.D. 2014
                    Respondents             :    Submitted: December 11, 2018


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: January 3, 2019


          Respondents the Pennsylvania Insurance Department (Department) and

Michael F. Consedine (collectively, Respondents) seek summary relief in the form

of an amended motion for summary judgment requesting that this Court dismiss

James Sabater's (Petitioner) petition for review. For the reasons set forth below, we

deny Respondents' application for summary relief.

          Petitioner initiated this suit by filing a complaint in this Court on

December 8, 2014, alleging a claim under Pennsylvania's Whistleblower Law, Act

of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428

(Whistleblower Law), and a separate claim of wrongful termination (Petition for

Review).[1]  On January 7, 2015, Respondents filed their Answer to Complaint/Petition for Review, which denied Petitioner's claims and alleged in new matter that Petitioner (1) voluntarily resigned his position and, alternatively, (2) had committed egregious violations of an internal management directive covering the acceptable use of Department information technology that would have warranted Petitioner's dismissal had he not resigned.  Petitioner answered Respondents' new matter on January 27, 2015.  The parties completed discovery in mid-June 2018, and Respondents filed the instant amended application for summary relief.

Pennsylvania Rule of Appellate Procedure 1532(b) provides that, "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b); *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015).  In deciding a request for summary relief, "this [C]ourt must determine whether it is clear from the undisputed facts that either party has a clear right to the relief requested."  *Bell Atl.-Pennsylvania, Inc. v. Tpk. Comm'n*, 703 A.2d 589, 590 (Pa. Cmwlth. 1997), *aff'd*, 713 A.2d 96 (Pa. 1998).  "The record, for purposes of the motion for summary relief, is the same as a record for purposes of a motion for summary judgment."  *Summit*, 108 A.3d at 195–96.  Pursuant to Pennsylvania Rule of Civil Procedure 1035.1, the record in a motion for summary judgment includes any: "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, if filed, comply with [Pa.R.C.P. No. 4003.5(a)(1)], whether or not the reports have been produced in response to interrogatories."  Pa.R.C.P. No. 1035.1.  However,

---

[1] On December 10, 2014, this Court issued an order advising that Petitioner's complaint would be treated as a petition for review addressed to the Court's original jurisdiction. *See* Order dated December 10, 2014.

"[i]t is well established that testimonial affidavits or deposition testimony alone, even if not contradicted, [are] insufficient to establish the absence of a genuine issue of material fact because the credibility of the testimony is a matter for the factfinder." *Dep't of Transp. v. UTP Corp.*, 847 A.2d 801, 806 (Pa. Cmwlth. 2004); *see also Borough of Nanty-Glo v. Am. Sur. Co. of New York*, 163 A. 523 (Pa. 1932); Pa.R.C.P. No. 1035.5, Note. "In ruling on applications for summary relief, [this Court] must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven Pa., LLC v. State Bd. Of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017) (internal brackets omitted).

Here, Petitioner is a former employee of the Department, where he served as an actuary from February 2005 until his resignation on June 11, 2014. Petitioner's first claim arises under Section 3 of the Whistleblower Law, which provides:

> **Persons not to be discharged.–**No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423(b). Petitioner maintains that Respondents violated the Whistleblower Law by forcing his retirement in retaliation for Petitioner refusing to acquiesce to

3

alleged collusion between the Department and Aetna, Inc. (Aetna),[2] and for making good faith reports to the Actuarial Board for Counseling and Discipline and proper personnel within the Department regarding his concerns related to Aetna rate irregularities. Petitioner claims his concerns regarding certain Aetna practices, including rate increases implemented without regulatory approval, and various reports regarding the conduct of other actuaries, led Respondents to engage in a course of conduct that culminated with Petitioner's constructive termination. In addition to his whistleblower claim, Petitioner also makes a common law wrongful termination claim in which he alleges he was constructively terminated by the Department for his actions and concerns related to Aetna.

Respondents, on the other hand, contend that they did not violate the Whistleblower Law because no "wrongdoing" occurred under the Whistleblower Law. Respondents also claim Petitioner cannot establish a causal connection between the concerns he raised regarding Aetna and his ultimate separation from the Department where: (a) Respondents agreed with Petitioner's concerns; (b) Respondents undertook an independent actuarial review and conducted an "oversight" market conduct examination in response to Petitioner's concerns; (c) Petitioner was promoted from Actuarial I to Actuarial II after his reports and prior to his separation from the Department; (d) nearly two years expired between Petitioner raising concerns and Petitioner's departure from the Department; (e) Petitioner voluntarily resigned from his position with the Department; and (f) the misconduct that ultimately led to Petitioner's resignation was discovered as a result of an investigation into a different Department employee. Finally, Respondents argue that, even if Petitioner's resignation could be viewed as a constructive

---

[2] Aetna is a managed healthcare company that provides insurance plans and related services and whose Pennsylvania rates and operations are overseen by the Department.

4

termination, the Department had more than adequate evidence of Petitioner's violation of an internal Department management directive to have legitimately warranted Petitioner's termination. In their application for summary relief, Respondents advance these assertions and contend that they are supported by undisputed material facts.

To prevail on a Whistleblower Law claim, a petitioner must prove that, prior to the alleged retaliation, he or she reported or was about to report in good faith an instance of wrongdoing. Section 4(b) of the Whistleblower Law, 43 P.S. § 1424(b). A petitioner must do more than merely demonstrate that he or she was terminated sometime after making a report. *Golaschevsky v. Dep't of Envtl. Prot.*, 720 A.2d 757, 759 (Pa. 1998). Instead, "[t]he causal connection that the Whistleblower Law requires must be demonstrated by concrete facts or surrounding circumstances that the report of wrongdoing or waste led to the plaintiff's dismissal, such as that there was specific direction or information received not to file the report or that there would be adverse consequences because the report was filed." *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1070 (Pa. Cmwlth. 2013) (quoting *Golaschevsky*, 720 A.2d at 759) (internal quotations omitted). "The Whistleblower Law is not designed to provide insurance against discharge or discipline for an employee who informs on every peccadillo of his fellow employees." *Id.* at 1070 (internal quotations omitted). If a petitioner proves a causal connection between the report of wrongdoing and his or her eventual termination, then the burden shifts to the respondents to show that their actions were lawful. *O'Rourke v. Dep't of Corr.*, 778 A.2d 1194, 1200 (Pa. 2001); *see also* 43 P.S. § 1424(c). "[A]n employer should not incur liability for independently justified adverse personnel action simply

because animus may exist based upon prior reports of wrongdoing." *O'Rourke*, 778 A.2d at 1204.

Respondents allege no material facts are in dispute in the instant matter. Based on the deposition testimony of their own witnesses, Respondents contend that they hired an independent actuarial firm to review the concerns raised by Petitioner and then initiated a limited scope oversight market conduct examination to further investigate Petitioner's concerns. Respondents note that, although the investigation revealed that Aetna had internally implemented unapproved rate increases, Aetna never charged consumers those rates and thus owed no restitution. Respondents further note that Aetna took corrective measures relative to the rate increases. Respondents conclude that, because they investigated Petitioner's concerns and that investigation concluded without the imposition of fines or other penalties against Aetna, no facts remain in dispute regarding either Petitioner's concerns or Respondents' response thereto. Additionally, Respondents argue that because (1) Petitioner received a promotion following his reported concerns and (2) the misconduct that led to his resignation was discovered via an investigation into the conduct of another Department employee, no dispute as to the material facts of Petitioner's separation from the Department exists between the parties.

Petitioner counters with allegations that the same deposition testimony and above alleged "facts," together with his sworn affidavit, evidence instead that Respondents forced him to resign from the Department through the pretextual use of an internal management directive governing the use of email and the internet. Petitioner also notes that many questions of fact exist as to the conduct of his superiors after he reported his concerns regarding Aetna's rate increases and whether

such conduct, and the subsequent investigation for alleged management directive violations, was in retaliation for his reports regarding Aetna.

This case does not present a situation where there are no outstanding issues of material fact and the Court can simply apply the law. Instead, despite Respondents' insistence to the contrary, necessary findings of fact remain to be made by a fact-finder, including, *inter alia*, conduct and motivation surrounding Petitioner's treatment after reporting Aetna's alleged irregularities, the Department's internal investigation that revealed violations of Respondents' management directives, and the circumstances and factors directly leading to Petitioner's resignation, as well as the parties' competing interpretations thereof. Such factual disputes prevent the Court from granting the application for summary relief at this time.

Accordingly, we deny Respondents' application for summary relief in the form of an amended motion for summary judgment.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| James Sabater, | : |
| Petitioner | : |
| | : |
| v. | : |
| | : |
| Pennsylvania Insurance Department | : |
| and Michael F. Consedine, individually, | : |
| and in his official capacity as | : |
| Insurance Commissioner, | :   No. 637 M.D. 2014 |
| Respondents | : |

## O R D E R

AND NOW, this 3rd day of January, 2019, the Amended Motion for Summary Judgment of the Pennsylvania Insurance Department and Michael F. Consedine is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge